IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Joseph Andrew Franks, IV*
Case No. 3:21-cr-00086-TMB-MMS-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

Before the Court is Plaintiff United States of America's (the "Government") Omnibus Motion *In Limine* (the "Motion") to: (1) allow evidence of Defendant Joseph Andrew Franks, IV's prior DUI and drug convictions to impeach Franks should he testify at trial; (2) authenticate an electronically generated report containing data extracted from Franks's phone; and (3) admit evidence of a prior police contact that occurred before Franks's arrest in this case, Franks's text messages, and Franks's prior drug conviction.[1] Franks partially opposes the Motion.[2] For the reasons discussed below, the Motion at Docket 60 is **GRANTED in part and DENIED in part**.

Franks is charged with Possession of a Controlled Substance with Intent to Distribute[3] (Count 1), Possession of a Firearm in Furtherance of a Drug Trafficking Crime[4] (Count 2), Felon in Possession of Firearms[5] (Count 3), and Possession of Controlled Substances with Intent to Distribute[6] (Count 4).[7] The Government alleges Franks knowingly and intentionally possessed methamphetamine and heroin with the intent to distribute, knowingly possessed two pistols in furtherance of this drug trafficking offense, and knowingly possessed these pistols knowing that he had been convicted of a felony.[8] The parties indicate that they anticipate trial to be bifurcated so that the jury does not learn of Franks' felony conviction until after reaching verdicts on Counts 1, 2, and 4.[9]

In the Motion, the Government first "reserves the right" under Federal Rule of Evidence 609 "to attack [Franks's] character for truthfulness by evidence of" a prior felony DUI conviction and a prior drug conviction.[10] The Government next seeks to authenticate certified electronic records, namely a Cellebrite report generated from Franks's phone that contains data extracted from the

---

[1] Dkt. 60 (Motion).
[2] Dkt. 66 (Response).
[3] 21 U.S.C. § 841(a)(1), (b)(1)(C).
[4] 18 U.S.C. § 924(c)(1)(A)(i).
[5] 18 U.S.C. §§ 922(g)(1), 924(a)(2).
[6] 21 U.S.C. § 841(a)(1), (b)(1)(B)–(C).
[7] Dkt. 2 (Indictment).
[8] *Id.*
[9] Dkt. 60 at 2; Dkt. 66 at 2.
[10] Dkt. 60 at 2.

1

phone, pursuant to Federal Rule of Evidence 902.[11] Finally, pursuant to Federal Rules of Evidence 402 or 404(b), the Government seeks to admit evidence of: (1) "a previous police contact where Franks was driving the tow truck where the drugs and firearms described in Counts 1–3 were found"; (2) text messages Franks "received and sent on his phone [on or] prior to February 4, 2021, relating to the tow truck and to drug trafficking"; and (3) Franks's prior drug conviction.[12]

Franks opposes the admission of his prior convictions, arguing that: (1) these convictions should not be admitted under Rule 609 because they are prejudicial and not probative of his character for truthfulness; and (2) his prior drug conviction should not be admitted under Rule 404(b) because it is over seven years old and does not reasonably pertain to his intent, knowledge, motive, opportunity, or absence of mistake or accident in this case.[13]

### A. Legal Standard

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence."[14] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[15] Motions *in limine* "should not be used to resolve factual issues or weigh evidence."[16] A court's rulings on motions *in limine* are provisional and may be reconsidered during the course of trial.[17] A denial of a motion *in limine* merely means that the court is unable to determine whether the evidence should be excluded outside of the context of trial.[18]

#### i. Federal Rule of Evidence 609

Rule 609 "provides that the credibility of a witness may be attacked during cross-examination by establishing that he has been convicted of a crime." Whether the Court may permit the use of a prior conviction for impeachment purposes depends—among other factors—on (1) the nature of the conviction, and (2) whether the witness is the defendant.[19] Where a party seeks to impeach a

---

[11] *Id.* at 2–6.
[12] *Id.* at 6–7.
[13] Dkt. 66 at 1–2.
[14] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs., Inc. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).
[15] *Barnard*, 2011 WL 221710, at *1 (quoting *Black's Law Dictionary* 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1 (similar).
[16] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[17] *Barnard*, 2011 WL 221710, at *2 (citing, *inter alia*, *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000)); *Research Corp.*, 2009 WL 2971755, at *2 (same).
[18] *Barnard*, 2011 WL 221710, at *2; *BNSF*, 2010 WL 4534406, at *1; *Research Corp.*, 2009 WL 2971755, at *2.
[19] Fed. R. Evid. 609.

defendant with a prior conviction punishable by death or imprisonment for more than one year, the conviction must be admitted "if the probative value of the evidence outweighs its prejudicial effect to that defendant."[20] In balancing the probative value of evidence of a defendant's prior convictions against that evidence's prejudicial effect, district courts in the Ninth Circuit consider five factors: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of defendant's credibility.[21] In addition, the parties may impeach any witness with evidence of any crime involving a "dishonest act or false statement."[22]

    ii.    <u>Federal Rules of Evidence 901 and 902</u>

To establish an item as authentic, its proponent must produce admissible evidence "sufficient to support a finding that the item is what the proponent claims it is."[23] Rule 902(13) provides that records are self-authenticating when they are "generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) . . . ." Rule 902(11) provides that domestic records of a "regularly conducted activity," as shown by a certification of the custodian or another qualified person, are self-authenticating and do not require extrinsic evidence to be admitted. A record of an event may qualify as a record of a "regularly conducted activity" if: "(A) the record was made at or near the time by—or from information transmitted by— someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business [or] organization; and (C) making the record was a regular practice of that activity[.]"[24]

    iii.    <u>Federal Rules of Evidence 401–404</u>

The relevance and admissibility of evidence at trial is governed in part by Rules 401, 402, and 403. Evidence is relevant under Rule 401 if it has "any tendency to make a material fact more or less probable" and if it is "of consequence in determining the action." Rule 402 provides that relevant evidence is admissible unless otherwise excluded by the evidentiary rules, a federal statute, or the Constitution; irrelevant evidence is not admissible.[25] Under Rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

---

[20] Fed. R. Evid. 609(a)(1).
[21] *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000) (citing *United States v. Browne*, 829 F.2d 760, 762–63 (9th Cir. 1987)).
[22] Fed. R. Evid. 609(a)(2); *see also United States v. Glenn*, 667 F.2d 1269, 1272 (9th Cir. 1982) ("Convictions involving 'dishonesty or false statement' within the meaning of [R]ule 609(a)(2) are automatically admissible; the court need not conduct a balancing test [pursuant to Rule 609(a)(1)].").
[23] Rule 901(a).
[24] Fed. R. Evid. 803(6).
[25] Fed. R. Evid. 402(a)–(b).

needlessly presenting cumulative evidence." Trial courts have discretion to limit or exclude evidence under Rules 402 and 403.[26]

Rule 404(b)(1) provides that evidence of a person's prior crimes, wrongs, or acts are inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[27] "The rule is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged."[28] However, because such evidence may be highly relevant, Rule 404(b)(2) provides that evidence of a person's prior crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[29] To introduce evidence under Rule 404(b), the Government must prove that the proposed evidence satisfies four requirements:

> (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) . . . the act is similar to the offense charged (similarity).[30]

If the Court finds these requirements are met, it must then conduct the Rule 403 balancing test to determine whether the evidence is admissible.[31] If the evidence is admissible, "[t]he use of such evidence must be narrowly circumscribed and limited."[32]

### B. Franks's Prior Convictions (Rule 609)

Should Franks seek to testify in this case, the Government requests to "reserve the right" to attack his character for truthfulness with evidence of Franks's convictions for (1) Fourth Degree Misconduct Involving Controlled Substances in 3PA-15-02889CR and (2) Felony DUI in 3PA-13-01971CR.[33] The Government states that Franks was convicted of these offenses in January 2016 and August 2015, respectively, and that each offense was punishable by over one year of imprisonment.[34] Franks urges the Court to deny the Government's request because neither of these offenses "inherent[ly]" involves dishonesty or false statements, indicating that the probative value of allowing this evidence outweighs its prejudicial effect.[35]

To the extent the Government requests a ruling on the admissibility of evidence of these two convictions for purposes of attacking Franks's character for truthfulness, the Court finds that this

---

[26] *United States v. Scholl*, 166 F.3d 964, 971 (9th Cir. 1999).
[27] Fed. R. Evid. 404(b)(1); *see also United States v. Charley*, 1 F.4th 637, 645 (9th Cir. 2021).
[28] *Charley*, 1 F.4th at 647.
[29] Fed. R. Evid. 404(b)(2).
[30] *Charley*, 1 F.4th at 647.
[31] Fed. R. Evid. 403; *see also United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).
[32] *Id.* (quoting *United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982)).
[33] Dkt. 60 at 2.
[34] *Id.*
[35] Dkt. 66 at 1–2.

4

evidence is inadmissible at this time. The Government does not present an argument that the probative value of these two convictions substantially outweighs their prejudicial effect under Rule 609. Absent a specific argument for their admission, Franks's convictions for Felony DUI in 3PA-15-02889CR and Fourth Degree Misconduct Involving Controlled Substances in 3PA-13-01971CR are inadmissible. However, the Government may revisit this ruling if Franks testifies in the case.

### C. Cellebrite Report (Rule 902)

The Government next requests that the Court rule that the Cellebrite report, which contains data extracted from Franks's phone, is sufficiently authenticated for purposes of Rule 902.[36] The Government states that this report was acquired during the investigation in this case and that a Task Force Officer for the Federal Bureau of Investigation has completed a certification of electronic process records.[37] Franks does not oppose the Government's request.[38] Having reviewed the certification in question, the Court finds that it meets the requirements of Rule 902(11) and (13); the Government therefore need not call a live witness for purposes of authentication of the Cellebrite report at trial.

### D. Direct Evidence and Other Acts Evidence (Rules 402 and 404(b))

The Government requests to admit evidence of: (1) "a previous police contact where Franks was driving the tow truck where the drugs and firearms described in Counts 1–3 were found"; (2) text messages Franks "received and sent on his phone prior to February 4, 2021 relating to the tow truck and to drug trafficking"; and (3) Franks's prior drug conviction in 3PA-15-02889CR, discussed earlier in the context of Rule 609.[39] The Government argues that evidence of the prior police contact and text messages evidence is admissible under Rule 402 because it is relevant to Franks's possession of the drugs and firearms; the Government also argues that this evidence is admissible under Rule 404(b) because it concerns Franks's "intent, preparation, plan, knowledge, absence of mistake, and lack of accident" regarding possession of the drugs and firearms.[40] Furthermore, the Government contends that the prior drug conviction is admissible under Rule 404(b) "to rebut a defense that Franks was unaware of the existence of the drugs . . . and that he was merely in the wrong place at the wrong time."[41]

Franks objects solely to admission of evidence of his prior drug conviction, arguing that this conviction is over seven years old and "has no reasonable bearing on [his] intent, knowledge, motive, etc. in 2023."[42]

---

[36] Dkt. 60 at 2–6; *see also* Dkt. 60-1 (Certificate of Authenticity of Data Copied from an Electronic Device).
[37] *Id.* at 2–3.
[38] Dkt. 66 at 2.
[39] Dkt. 60 at 6–7.
[40] *Id.* at 8.
[41] *Id.* at 12–13.
[42] Dkt. 66 at 2.

i. Prior Police Contact

The Government submits that on November 8, 2020, Franks was stopped by law enforcement "driving the same tow truck where [law enforcement] found firearms and heroin on January 28, 2021," the basis for Franks's charges in this case.[43] The Government plans to call the trooper who stopped Franks on that date as a witness to testify that Franks was driving the tow truck.[44] The Government contends that this testimony is admissible under Rule 402 because it "is direct evidence of Franks's possession and control of the tow truck"; since Franks is not the registered owner of the tow truck, the Government will rely on this police contact as "direct evidence that Franks, rather than another person, possessed the drugs and firearms found in the truck."[45] Furthermore, the Government argues that this evidence is admissible under Rule 404(b) to show Franks's "opportunity to use the tow truck to store his firearms and drugs, and that Franks did not mistakenly or accidentally come into possession of the drugs while in the truck."[46] Franks does not contest the admission of evidence concerning his November 8, 2020, police contact.[47]

The Court finds that evidence of the November 8, 2020, stop is admissible under Rule 402 to show Franks's possession and control of the tow truck, which is relevant to Franks's possession of the drugs and firearms found in the truck on January 28, 2021. Because this evidence is (1) material to proving Franks's alleged possession of the drugs and firearms; (2) close in time to his subsequent police contact; (3) sufficient to support a finding that Franks possessed and controlled the tow truck on November 8, 2020; and (4) involves Franks's driving the tow truck, as was allegedly also the case on January 28, 2021, it is also admissible under Rule 404(b)(2) to prove opportunity and absence of mistake. However, at this stage, any evidence the Government presents regarding Franks's November 8, 2020, police contact is limited to evidence regarding his possession and control of the tow truck on that date. The Court finds that the probative value of this limited evidence is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[48] As set forth above, the evidence concerning Franks's November 8, 2020, police contact is admissible.

ii. Text Messages

The Government seeks to admit several text messages that Franks "sent and received about the tow truck," including:

- A January 12, 2021, conversation in which Franks agrees to tow a friend's vehicle;
- A January 21, 2021, text sent by Franks about picking up the tow truck;
- A January 23, 2021, text received by Franks about replacing the transmission for the "wrecker";

---

[43] Dkt. 60 at 9–10; *see also* Dkt. 60-2 (Incident Report).
[44] Dkt. 60 at 10.
[45] *Id.*
[46] *Id.*
[47] Dkt. 66 at 2.
[48] *See* Fed. R. Evid. 403.

- A January 23, 2021, text sent by Franks about going to the tow truck;
- A January 24, 2021, text sent by Franks saying "I'm at the tow truck"; and
- A January 28, 2021, text sent by Franks saying, "Got truck on road."[49]

The Government contends that for the same reasons as those supporting admission of the prior police contact, these text messages are admissible under Rules 402 or 404(b).[50] Franks similarly does not oppose the admission of these text messages.[51] Consistent with the discussion above, these text messages are admissible under Rule 402 to show Franks's possession and control of the tow truck and under Rule 404(b) to show opportunity and absence of mistake.

In addition, the Government seeks to admit text messages that Franks "sent and received that indicate drug dealing":

- A January 10, 2021, exchange where a friend says, "I'm out of drugs," and Franks responds, "Come over";
- A January 27, 2021, exchange involving the following messages:
    - Friend: "You good on clear."
    - Franks: "No."
    - Friend: "Really."
    - Franks: "Sorry been out."
    - Friend: "You're not supposed to let that happen. Any idea when."
    - Franks: "No hopefully soon"; and
- February 2–3, 2021, messages received from a friend: "Hey can I get something from ya today, I got $$$"; "Can I very quickly get g"; "Can you meet for one sec I have cash."[52]

The Government argues that these messages are admissible under Rule 402 as direct evidence that on both January 28, 2021, and February 4, 2021, Franks possessed heroin and methamphetamine for purposes of distribution.[53] The Government also argues that these messages are admissible under Rule 404(b) as evidence of his "plan and preparation as it concerns the methamphetamine, namely, to sell it as he had been doing previously."[54] Again, Franks does not oppose the admission of this evidence.[55]

The Court finds that these text messages are relevant and admissible under Rule 402 to show Franks's alleged possession and distribution of methamphetamine and heroin on January 28, 2021, and February 4, 2021. Likewise, these text messages are admissible under Rule 404(b) as evidence of Franks's alleged plan and preparation to sell methamphetamine. The messages (1) are material to proving his alleged possession and distribution of methamphetamine, (2) are not too remote in time from January 28, 2021, and February 4, 2021, (3) are sufficient to support a

---

[49] Dkt. 60 at 10–11.
[50] *Id.* at 11.
[51] Dkt. 66 at 2.
[52] Dkt. 60 at 11–12; *see also* Dkt. 60-3 (Text Messages).
[53] Dkt. 60 at 12.
[54] *Id.*
[55] Dkt. 66 at 2.

finding that Franks possessed and intended to distribute methamphetamine on those two dates, and (4) involve alleged conduct similar in nature to the offenses alleged in the Indictment. Furthermore, the relatively high probative value of these text messages, which tend to increase the likelihood that Franks possessed the drugs at issue in this case, does not appear to be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Therefore, Franks's text messages that may suggest drug dealing are admissible to show his alleged possession and distribution of methamphetamine and heroin on January 28, 2021, and February 4, 2021, and to show his alleged plan and preparation to sell methamphetamine.

### iii. Prior Drug Conviction

The Government also seeks to admit Franks's conviction for Fourth Degree Misconduct Involving Controlled Substances in 3PA-15-02889CR for purposes of showing his "intent, knowledge, motive, opportunity, and absence of mistake or accident."[56] The Government asserts that this conviction is relevant to rebut a defense that Franks lacked intent to distribute methamphetamine and heroin.[57] Franks objects to admission of this conviction because it "has no reasonable bearing on [his] intent, knowledge, motive, etc. in 2023."[58]

The Court concludes Franks's prior conviction meets the second and third requirements for admissibility under Rule 404(b)—recency and sufficiency. The conviction is sufficiently recent, with the conduct underlying the prior case separated by about five years from the current case.[59] And the conviction is sufficient proof to establish that Franks committed the prior offense.[60]

However, the Court cannot yet determine whether Franks's prior drug conviction meets the first and fourth requirements for admissibility under Rule 404(b)—materiality and similarity—or whether the probative value of the evidence is substantially outweighed by a danger of unfair prejudice. The Government has represented that this prior drug conviction demonstrates that Franks "has possessed controlled substances," but it is unclear whether the conviction is material to Franks's intent to distribute or to any other element beyond possession. Furthermore, Franks's prior drug conviction may make it slightly more likely that Franks possessed drugs in this case— a fact that the Government may show with other, more probative evidence—but presents a substantial risk of unfair prejudice to Franks. Finally, without more information about the circumstances of the prior drug conviction, the Court cannot determine whether Franks's conduct in the previous case is sufficiently similar to his conduct in this case or whether the conviction's

---

[56] Dkt. 60 at 12.
[57] *Id.*
[58] Dkt. 66 at 2.
[59] *See United States v. Vo*, 413 F.3d 1010, 1018–19 (9th Cir. 2005) (holding a thirteen-year-old prior act admissible); *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (same); *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996) (holding an eight-year-old prior act admissible).
[60] *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) ("It is elementary that a conviction is sufficient proof that he committed the prior act." (citing *United States v. Arambula–Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993))).

probative value outweighs the danger of unfair prejudice to Franks.[61] Franks's prior drug conviction is therefore inadmissible under Rule 404(b) at this time.

Accordingly, the Court **GRANTS in part and DENIES in part** the Motion at Docket 60 as follows:

1. The Government's request for a ruling that Franks's convictions for Felony DUI in 3PA-15-02889CR and Fourth Degree Misconduct Involving Controlled Substances in 3PA-13-01971CR are admissible for impeachment purposes is **DENIED**.
2. The Government's request for a ruling that the Cellebrite report is sufficiently authenticated is **GRANTED**.
3. The Government's request for rulings that: (1) the evidence concerning Franks's November 8, 2020, police contact is admissible to show Franks's possession and control of the tow truck; (2) Franks's text messages pertaining to the tow truck are admissible to show his possession and control of the tow truck and to show opportunity and absence of mistake; and (3) Franks's text messages pertaining to alleged drug dealing are admissible to show possession and distribution of methamphetamine and heroin on January 28, 2021, and February 4, 2021, and to show a plan and preparation to sell methamphetamine, is **GRANTED**.
4. The Government's request for a ruling that Franks's conviction for Fourth Degree Misconduct Involving Controlled Substances in 3PA-13-01971CR is admissible to show intent, knowledge, motive, opportunity, or absence of mistake or accident, is **DENIED**.

These rulings on the Motion are provisional and may be reconsidered during trial. In addition, nothing in this Order relieves the parties of any requirements to make proper application to the Court before seeking to admit evidence.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 23, 2023.

---

[61] *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005) (When analyzing the similarity of prior drug crimes under [Rule] 404(b), we look to the type of activity undertaken . . . as the relevant factor."); *cf. Arambula-Ruiz*, 987 F.2d at 603 ("The degree of similarity required . . . will depend on the evidential hypothesis which is being employed.") (quoting *United States v. Ramirez–Jiminez*, 967 F.2d 1321, 1326 (9th Cir. 1992)); *United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994) ("The trial court, however, was satisfied with information of the crudest sort—the mere fact that appellant had allegedly made prior drug deals with the co-defendants. But without further inquiry, the trial court was simply unable to make the focused determination of relevance mandated by the authorities discussed above. It could not tell whether or not appellant's purported wrongdoing put him on notice of the facts about which he disclaimed knowledge in this case. For this reason, the procedures used by the district court were flawed.").